██ In the Matter of CORA J. and Others, Children Alleged to be Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KENNETH J., Appellant. [898 NYS2d 336]—

Stein, J. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered August 11, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the father of three children (born in 1992, 1999 and 2001). Petitioner commenced this neglect proceeding against respondent alleging, among other things, that, in the presence of the children, he pointed a loaded handgun at the children's mother, threatening to kill her and then the children. During the pendency thereof, respondent pleaded guilty in another court to a criminal charge involving possession of a weapon as a result of this alleged domestic violence incident.

Thereafter, based upon his admission to the neglect of his children (specifically, on the basis that he violated a no-contact order of protection), Family Court adjudicated the children to be neglected and placed respondent under petitioner's supervision. Respondent now appeals and we affirm.

We are unpersuaded by respondent's contention that his admission to neglect was not knowing, intelligent and voluntary. He asserts that he was coerced into pleading guilty to the criminal charge because the children's mother allegedly threatened to force their son to testify at trial with regard to that charge. Respondent further argues that, because such threat prevented him from moving to withdraw his plea, he had no choice but to enter an admission in the neglect proceeding.

Inasmuch as there is no record evidence that respondent made a timely application in Family Court to vacate the finding of neglect, his present challenge is not properly before us (*see Matter of June MM.*, 62 AD3d 1216, 1217 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Brittany T.*, 48 AD3d 995, 997 [2008]). In all events, the record amply demonstrates that, before entering an admission, respondent—who was represented by counsel throughout the neglect proceeding—was fully informed of the consequences of such admission (*see* Family Ct Act § 1051 [f]) and the admission was knowing, voluntary and intelligent (*see Matter of Cadejah AA.*, 25 AD3d 1027, 1028 [2006], *lv denied* 7 NY3d 705 [2006]; *Matter of William PP.*, 185 AD2d 397, 397-398 [1992]). Therefore, we perceive no basis to disturb Family Court's finding of neglect.

Spain, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.