Spain, J.
Appeal from an order of the Family Court of Dela *1401 ware County (Becker, J.), entered July 24, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent’s child to be neglected.
Respondent and Jessica X. (hereinafter the mother) are the parents of a son, Dante W (born in 2008). In connection with several incidents in which respondent consumed alcohol in excess and committed acts of domestic violence against the mother, orders of protection were issued against respondent in favor of the mother and Dante. A relationship nonetheless continued between respondent and the mother until a subsequent incident in July 2011 in which respondent, again after consuming alcohol, punched the back window of the mother’s automobile causing glass to shatter onto Dante. As a result, respondent pleaded guilty to the crimes of aggravated harassment in the second degree and criminal contempt in the second degree, for which he was sentenced to a prison term of 1 to 3 years.
Petitioner then commenced this proceeding against respondent, alleging that Dante was neglected. In the course of this proceeding, respondent — appearing telephonically from his place of incarceration and represented by counsel — engaged in a colloquy with Family Court and his attorney. At the conclusion, the court determined that respondent had consented to a proposed resolution. The court thereafter entered an order of fact-finding and disposition reflecting the parties’ alleged agreement, and respondent now appeals.
An order entered upon consent is not appealable (see Matter of Gabrielle S. [Reberick T.], 105 AD3d 1098, 1098-1099 [2013]; Matter of Violette K. [Sheila E.K.], 96 AD3d 1499, 1499 [2012]). Furthermore, because he did not move in Family Court to vacate the order or to withdraw what that court determined to be his consent (see Family Ct Act § 1051 [f]), respondent’s present claim that his consent was not knowing, intelligent or voluntary is not properly before us (see Family Ct Act § 1061; Matter of Gabrielle S. [Reberick T.], 105 AD3d at 1099; Matter of Cora J. [Kenneth J.], 72 AD3d 1170, 1171 [2010]). Accordingly, the appeal is dismissed.*
Lahtinen, J.P., Stein and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.

 Notably, Family Ct Act § 1061 has no time limitation. “Hence a motion may be made at any time, presumably until the order at issue expires, thereby rendering any motion moot” (Merril Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1061 at 143).