■ In the Matter of BOBBY J.C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FAITH C., Appellant. [1 NYS3d 311]—

Appeal from an order of disposition of the Family Court, Queens County (Margaret P. McGowan, J.), dated April 2, 2013. The order, after a hearing, inter alia, released the subject child to the custody of the father and directed the entry of an order of protection requiring the mother to stay away from the subject child, except for supervised visitation.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The mother consented to the entry of a finding of neglect pursuant to Family Court Act § 1051 and did not move for leave to withdraw that consent. Accordingly, to the extent that she challenges either the procedure or the factual predicate underlying the finding of neglect, her arguments are not properly before this Court (*see Matter of Cora J. [Kenneth J.]*, 72 AD3d 1170, 1171 [2010]).

At a dispositional hearing, the Family Court's disposition must be made "solely on the basis of the best interests of the child" with "no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631;

*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Victoria P. [Victor P.]*, 121 AD3d 1006, 1007 [2014]; *Matter of Phillips N. [Joy N.]*, 104 AD3d 690, 691 [2013], *lv granted sub nom. State of N.Y. v Anthony N.*, 24 NY3d 1065 [2014]; *Matter of Tiffany A.*, 242 AD2d 709, 712-713 [1997]). "The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (*Matter of Phillips N. [Joy N.]*, 104 AD3d at 691 [internal quotation marks omitted]). Because "the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record" (*Matter of Roberta W. v Carlton McK.*, 112 AD3d 729, 730 [2013]; *see Matter of Phillips N. [Joy N.]*, 104 AD3d at 691; *Matter of Stefani C.*, 61 AD3d 681 [2009]).

Here, the credible evidence established that the mother, from whose custody the child had been removed when the mother was hospitalized for psychiatric treatment, had significant mental health problems which interfered with her ability to provide appropriate care for the child and to obtain appropriate services for his severe autism. The evidence also raised concerns that the mother might be subjecting the child to unnecessary medical evaluations and treatments, and an overly restrictive diet. In contrast, once the child was placed in his custody, the father enrolled the child in a school which could provide appropriate special education services, arranged for the child to receive applied behavior analysis therapy, a recognized therapy for autism, and arranged for the child's home health aides to provide services at his home. Accordingly, the Family Court's determination that releasing the child to the custody of the father was in the child's best interests has a sound and substantial basis in the record. Furthermore, in light of the mother's disruptive behavior during visits and her admitted unwillingness or inability to comply with court directives regarding her interactions with the child, the court properly directed that the mother's visitation with the child be supervised.

The mother's remaining contentions are without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.