■ In the Matter of KIEMIYAH M., a Child Alleged to be Neglected, Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; CASSIAH M., Respondent. [28 NYS3d 411]—

Appeals from an order of the Family Court, Queens County (John M. Hunt, J.), dated October 14, 2015. The order, after a fact-finding hearing and upon a finding that the mother did not neglect Kiemiyah M., dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, a finding is made that the mother neglected the subject child, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing and a determination thereafter.

In a child protective proceeding pursuant to Family Court Act article 10, the court is not required to wait until a child has already been harmed before it enters a finding of neglect. A finding may be entered even in the absence of actual harm when a preponderance of the evidence proves that the child's "physical, mental or emotional condition . . . is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]; *see Matter of Noah Jeremiah J. [Kimberly J.]*, 81 AD3d 37, 44 [2010]; *Matter of Soma H.*, 306 AD2d 531,

531 [2003]). Moreover, a neglect finding is proper upon proof of the causal connection between a parent's mental illness and requisite potential harm to the child (*see Matter of Nialani T. [Elizabeth B.]*, 125 AD3d 672, 674 [2015]; *Matter of Alexis S.G. [Shanese B.]*, 107 AD3d 799, 799 [2013]; *Matter of Soma H.*, 306 AD2d at 531-532).

Here, the subject child was less than four months old when the mother's serious mental illness presented in the form of paranoia and delusions at a homeless shelter. The mother called the police numerous times to report people outside the shelter threatening her and the child, which the evidence at the hearing established were delusions. A witness at the hearing had observed the child, dressed only in a diaper, shivering by an open window on a cold night while the mother was distracted by these delusions. The mother was hospitalized that night, and the child was removed from her custody. Moreover, the mother's accounts of what she believed she had seen became more vivid and unrealistic over successive recountings. Further, at the fact-finding hearing, it was established that the mother did not follow up in mental health evaluations and it became clear that her condition had not resolved (*see Matter of Mollye S.*, 28 AD3d 487, 488 [2006]; *Matter of Essence V.*, 283 AD2d 652, 653 [2001]). Under these circumstances, the Family Court's finding that the subject child was not in imminent risk of harm if left with the mother cannot be sustained. Accordingly, we reverse the order, reinstate the petition, find that the subject child is a neglected child within the meaning of Family Court Act § 1012 (f), and remit the matter to the Family Court, Queens County, for a dispositional hearing and a determination thereafter. Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.