Matter of Madison G. (Lynn T.) (2020 NY Slip Op 01499)





Matter of Madison G. (Lynn T.)


2020 NY Slip Op 01499


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-14446
 (Docket Nos. N-29174-16, N-29175-16)

[*1]In the Matter of Madison G. (Anonymous). Administration for Children's Services, respondent; Lynn T. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of India G. (Anonymous). Administration for Children's Services, respondent; Lynn T. (Anonymous), appellant. (Proceeding No. 2.)


Elliot Green, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Jessica Miller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an amended order of fact-finding and disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated November 30, 2018. The amended order of fact-finding and disposition, made after fact-finding and dispositional hearings, found that the mother neglected the subject children and placed the mother under the supervision of the Administration for Children's Services for a period of three months under certain terms and conditions.
ORDERED that the appeal from so much of the amended order of fact-finding and disposition as placed the mother under the supervision of the Administration for Children's Services for a period of three months under certain terms and conditions is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the amended order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
In November 2016, the Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected her then six-year-old daughter, the child India G., and then five-year-old daughter, the child Madison G., by failing to provide India with an adequate education and by failing to provide the children with proper supervision or guardianship in that the mother suffers from a mental condition that impairs her ability to care for the children and due to the mother's repeated misuse of [*2]marijuana. In an amended order of fact-finding and disposition dated November 30, 2018, made after fact-finding and dispositional hearings, the Family Court found that mother neglected the children and placed her under the supervision of ACS for a period of three months under certain terms and conditions. The mother appeals.
The appeal from so much of the amended order of fact-finding and disposition as placed the mother under the supervision of ACS for a period of three months must be dismissed as academic, as that portion of the order has expired (see Matter of Justin P. [Damien P.], 148 AD3d 903, 903; Matter of Shaquan A. [Fan Fan A.], 137 AD3d 1119, 1119). However, the appeal from so much of the amended order of fact-finding and disposition as brings up for review the finding of neglect is not academic, since a finding of neglect constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings (see Matter of Justin P. [Damien P.], 148 AD3d at 904; Matter of Ethan B. [Frederick B.], 130 AD3d 816, 817).
Family Court Act § 1012(f) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care," inter alia, in "supplying the child with adequate . . . education in accordance with the provisions of part one of article sixty-five of the education law" (Family Ct Act § 1012[f][i][A]), or "in providing the child with proper supervision or guardianship" (Family Ct Act § 1012[f][i][B]). "In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759; see Family Ct Act § 1046[b][i]).
Contrary to the contention of the mother and the attorney for the children, the Family Court's finding of educational neglect was supported by a preponderance of the evidence. ACS met its prima facie burden of establishing educational neglect by presenting unrebutted evidence of India's excessive absences for the previous 2½ school years and evidence that she was failing her current grade (see Matter of Kieara N. [Shasha F.], 167 AD3d 620, 621; Matter of Patrick S., 52 AD3d 837, 837). The mother failed to provide a reasonable justification for India's excessive absences (see Matter of Kieara N. [Shasha F.], 167 AD3d at 621; Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901).
ACS also established that the mother neglected the children due to her mental illness, and misuse of marijuana without participation in a rehabilitative program. "While parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect" (Matter of Geoffrey D. [Everton D.], 158 AD3d at 759). "[A] neglect finding is proper upon proof of the causal connection between a parent's mental illness and requisite potential harm to the child" (Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1280; see Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 691). Here, the evidence demonstrated a causal connection between the mother's mental illness and harm to the children (see Matter of Maurice M. [Suzanne H.], 158 AD3d at 691).
The remaining contention of the attorney for the children is unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court