Matter of Angelia S. (Jesus S.) (2020 NY Slip Op 01620)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Angelia S. (Jesus S.)

2020 NY Slip Op 01620

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-10620
(Docket No. N-25978-16)

[*1]In the Matter of Angelia S. (Anonymous). Administration for Children's Services, respondent; Jesus S. (Anonymous), appellant.

Joan N. G. James, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Aaron M. Bloom of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated August 17, 2018. The order of fact-finding, after a hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
In October 2016, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the father had neglected the subject child by engaging in acts of domestic violence against the child's mother in the child's presence. Following a fact-finding hearing, the Family Court issued an order of fact-finding dated August 17, 2018, in which it found that the father neglected the subject child.
In order to establish neglect, a petitioner must establish, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Matter of Afton C. [James C.], 17 NY3d 1, 9; Nicholson v Scoppetta, 3 NY3d 357, 368). "[E]xposing a child to domestic violence is not presumptively neglectful" (Nicholson v Scoppetta, 3 NY3d at 375 [emphasis omitted]). However, a finding of neglect based on an incident or incidents of domestic violence is proper where a preponderance of the evidence establishes that the child was actually placed in imminent danger of harm by reason of the failure of the parent or caretaker to exercise a minimal degree of care (see id. at 372; Matter of Jubilee S. [James S.], 149 AD3d 965, 967). Except for certain exceptions provided for in the Family Court Act, only competent, material, and relevant evidence may be admitted at a fact-finding hearing held under article 10 of the Family Court Act (see Family Ct Act § 1046[b][iii]). The Family Court's assessment of the credibility of witnesses is [*2]entitled to considerable deference (see Matter of Irene O., 38 NY2d 776, 777; Matter of Mohammed J. [Mohammed Z.], 121 AD3d 994, 994).
Here, contrary to the father's contention, a preponderance of the credible evidence established that he neglected the subject child by repeatedly punching the child's mother in the face, in the child's presence, causing the mother injury, and causing the child fear (see Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 724). The out-of-court statements of the child and the mother were corroborated by the testimony of a police officer and a caseworker, as well as medical records (see Family Ct Act § 1046[a][vi]; id. at 724). There is no basis to disturb the Family Court's determination that the father's alternative version of events lacked credibility (see id.).
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court