Matter of Tim C. (Rizalina C.) (2020 NY Slip Op 04301)





Matter of Tim C. (Rizalina C.)


2020 NY Slip Op 04301


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-11219
2019-11220 
 (Docket No. N-15520-17)

[*1]In the Matter of Tim C. (Anonymous). Administration for Children's Services, petitioner-respondent; 
and
Rizalina C. (Anonymous), also known as Rizalina M. (Anonymous), appellant, et al., respondent.


Mark Brandys, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne Mitchell, Riti P. Singh, and Jess Rao of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated August 20, 2019, and (2) an order of disposition of the same court dated August 26, 2019. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject child. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, directed the mother to undergo a mental health evaluation.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and its further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
To establish educational neglect, a petitioner is required to prove by a preponderance of the evidence that a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" due to the parent's failure to exercise a minimum degree of care in providing the child with an adequate education (Family Ct Act § 1012[f][i]; see Family Ct Act § 1046[b][i]). The petitioner met its prima facie burden of establishing educational neglect by submitting unrebutted evidence of the child's excessive school absences along with evidence that the child was not being promoted to the next grade (see Matter of Jamel N.A.[Nijer S.J.], 161 AD3d 1070). The mother did not offer any evidence in support of a reasonable justification for the child's absences. Although the mother claimed that the reason she kept the child out of school was because he was being regularly bullied by another student, she acknowledged that school officials had not [*2]been made aware of the conduct. Accordingly, we agree with the Family Court's determination that the child was neglected (see Matter of Madison G. [Lynn T.], 181 AD3d 597; Matter of Jamel N.A. [Nijer S.J.], 161 AD3d 1070).
It was in the child's best interests for the Family Court to direct the mother to undergo a mental health evaluation (see Matter of Dazahnae S. [Derek S.], 126 AD3d 802, 803).
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court