Matter of Chloe W. (Tara W.) (2020 NY Slip Op 06276)





Matter of Chloe W. (Tara W.)


2020 NY Slip Op 06276


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-10717 
2019-10719
 (Docket No. N-15186-17)

[*1]In the Matter of Chloe W. (Anonymous). Administration for Children's Services, respondent; Tara W. (Anonymous), appellant.


Anthony DeGuerre, Staten Island, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Elina Druker and Jessica Miller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated February 22, 2019, and (2) an order of disposition of the same court dated August 9, 2019. The order of fact-finding, after a hearing, found that the mother neglected the subject child. The order of disposition, upon the order of fact-finding and upon the mother's consent, placed the child in the custody of the Commissioner of Social Services of the City of New York, to reside in foster care until completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as, upon the mother's consent, placed the subject child in the custody of the Commissioner of Social Services of the City of New York, to reside in foster care until completion of the next permanency hearing is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that the mother neglected her then five-year-old child. According to the petitioner, the child was at imminent risk of harm by the mother due to the mother's untreated mental illness. After a fact-finding hearing, the Family Court found that the mother neglected the child. [*2]The court subsequently issued an order of disposition, which, upon the mother's consent, placed the child in the custody of the Commissioner of Social Services of the City of New York (hereinafter Social Services), to reside in foster care until completion of the next permanency hearing, which was held on February 3, 2020. The mother appeals.
The appeal from so much of the order of disposition as placed the child, upon consent, in the custody of Social Services, to reside in foster care until completion of the next permanency hearing, must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Dallas P. [Allison P.], 185 AD3d 589, 590-591; Matter of Sebastian R. [Debra S.], 171 AD3d 928, 929). The mother's contention that the oral allocution—in which she consented to the proposed disposition—was invalid is not properly before this Court as her remedy is to move in the Family Court to vacate that order (see Matter of Comoletti v Papapietro, 171 AD3d 745, 746; Matter of Abigail R. [Ishwardat R.], 125 AD3d 780, 781). In addition, the appeal from the same portion of the order of disposition must be dismissed as academic, since the disposition expired by its own terms on February 3, 2020 (see Matter of Keith A.H. [Andrew H.], 180 AD3d 902, 903; Matter of April M.B. [Phyllis B.], 174 AD3d 890, 890-891).
We agree with the Family Court's determination that the mother's mental illness and failure to obtain treatment for it caused the subject child to be at imminent risk of harm. In a neglect proceeding, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Family Ct Act § 1046[b][i]; Matter of Jemima M. [Aura M.], 151 AD3d 862, 863). "[P]roof of a parent's mental illness alone will not support a finding of neglect" (Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 931-932 [internal quotation marks omitted]). "[T]he petitioner must adduce evidence sufficient to establish a causal connection between the parent's condition, and actual or potential harm to the [child]" (id. at 932 [internal quotation marks omitted]; see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056). Here, the record demonstrated that the mother's mental illness and refusal to cooperate with her prescribed treatment plan resulted in, among other things, the mother losing her public benefits and wandering the streets with the child who had blisters on her feet from too-small shoes, and caused the mother to have violent outbursts in front of the child who was distressed and upset by the mother's conduct (see Matter of Bruce I. [Joseph A.I.], 185 AD3d at 932; Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056).
Accordingly, we agree with the Family Court's determination that the mother neglected the child.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court