Matter of McKinley H.-W. (Daniel W.) (2022 NY Slip Op 03858)

Matter of McKinley H.-W. (Daniel W.)

2022 NY Slip Op 03858

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND BANNISTER, JJ.

557 CAF 21-01452

[*1]IN THE MATTER OF MCKINLEY H.-W. - GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
DANIEL W., RESPONDENT-APPELLANT. (APPEAL NO. 2.) 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
TINA M. KASPEREK, BATAVIA, FOR PETITIONER-RESPONDENT. 
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Genesee County (Thomas D. Williams, J.), entered September 27, 2021 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject child and placed respondent under the supervision of petitioner. 
It is hereby ORDERED that said appeal insofar as it concerns the disposition is unanimously dismissed and the order is modified on the law by vacating the finding that respondent neglected the child by failing to obtain medical care and treatment for the child, and as modified the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an order of fact-finding determining, following a hearing, that he neglected the subject child (see Family Ct Act § 1012 [f] [i] [A], [B]) and, in appeal No. 2, the father appeals from a subsequent order of fact-finding and disposition. As an initial matter, the father's right of direct appeal from the order of fact-finding in appeal No. 1 terminated with the entry of the order of disposition in appeal No. 2, and we therefore dismiss appeal No. 1 (see Matter of Juliette R. [Jordan R.T.] [appeal No. 2], 203 AD3d 1678, 1678 [4th Dept 2022]; Matter of Ariana F.F. [Robert E.F.], 202 AD3d 1440, 1441 [4th Dept 2022]). In addition, we dismiss the appeal from the order in appeal No. 2 insofar as it concerns the disposition inasmuch as that part of the order was entered upon the father's consent (see Matter of Noah C. [Greg C.], 192 AD3d 1676, 1676 [4th Dept 2021]).
Contrary to the father's contention in appeal No. 2, we conclude that petitioner established by a preponderance of the evidence that the father neglected the child. It is well settled that "a party seeking to establish neglect must show, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see § 1012 [f] [i]; Matter of Chance C. [Jennifer S.], 165 AD3d 1593, 1594 [4th Dept 2018]). Here, petitioner established by a preponderance of the evidence that the father neglected the child when he cut the bottom of the child's toe with a sword. Contrary to the father's contention, the child's out-of-court statement was adequately corroborated by, inter alia, testimony from the child's mother and petitioner's caseworker who observed the injury to the child (see Matter of Terazay S. [Yazaret T.], 180 AD3d 487, 487-488 [1st Dept 2020]; Matter of Grace M. [Leighton M.], 180 AD3d 912, 914 [2d Dept 2020]; Matter of Samuel W. [Luemay F.], 160 AD3d 755, 756 [2d Dept 2018]), the testimony of the mother that the child and the father were in a bedroom together just minutes before the child reported the injury, and the mother's testimony that the father kept a sword in a [*2]closet in that bedroom (see generally Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490 [4th Dept 2011], lv denied 17 NY3d 708 [2011]).
We agree with the father, however, that petitioner failed to establish by a preponderance of the evidence that the father neglected the child by failing to obtain medical care and treatment for the child after he was cut, and we therefore modify the order by vacating that finding (see generally Noah C., 192 AD3d at 1678). The mother testified that she and the father tended to the child's injury by washing the area with a washcloth, putting ointment on the cut, and bandaging the area. Petitioner's caseworker testified that she instructed the mother two days after the incident to have the child seen by a doctor, which she did, and the mother testified that the doctor treated the injury the same way the parents had, i.e., by cleaning it, placing ointment on it, and bandaging it. There was no testimony that the failure to seek immediate medical care impaired or threatened to impair the child's health (see Matter of Ashlynn R. [Maria R.], 189 AD3d 647, 648 [1st Dept 2020]; Matter of Vallery P. [Jondalla P.], 106 AD3d 575, 575 [1st Dept 2013]; Matter of Miranda O., 294 AD2d 940, 941 [4th Dept 2002]; see generally Matter of Hofbauer, 47 NY2d 648, 656 [1979]).
Contrary to the father's further contention, petitioner established by a preponderance of the evidence that the child's mental or emotional condition was impaired or was in imminent danger of becoming impaired by his exposure to domestic violence (see Matter of Trinity B.-S. [William R.N.], 198 AD3d 1331, 1332 [4th Dept 2021], lv denied 37 NY3d 919 [2022]; Matter of Angelia S. [Jesus S.], 181 AD3d 680, 681 [2d Dept 2020]; see generally Nicholson, 3 NY3d at 371).
We have considered the father's remaining contention and conclude that it is without merit.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court