Matter of Bryce J. (Alia F.) (2023 NY Slip Op 01295)

Matter of Bryce J. (Alia F.)

2023 NY Slip Op 01295

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2022-04274
 (Docket Nos. N-8169-20, N-8170-20)

[*1]In the Matter of Bryce J. (Anonymous). Administration for Children's Services, respondent;Alia F. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Aryah J. (Anonymous). Administration for Children's Services, respondent; Alia F. (Anonymous), appellant. (Proceeding No. 2.)

Austin I. Idehen, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca Visgaitis and Jessica Miller of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Margaret Morgan, J.), dated May 24, 2022. The order of disposition, upon an order of fact-finding of the same court dated May 23, 2022, made after a fact-finding hearing, finding that the mother neglected the child Aryah J. and, in effect, finding that the mother derivatively neglected the child Bryce J., and after a dispositional hearing, released the children to the custody of the nonrespondent father for a period of 12 months, upon certain conditions to be met by the mother.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In November 2020, the Administration for Children's Services commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children. After a fact-finding hearing, the Family Court found that the mother neglected the child Aryah J., and, in effect, found that the mother derivatively neglected the child Bryce J. In an order of disposition dated May 24, 2022, the court released the children to the custody of the nonrespondent father for a period of 12 months, under certain conditions to be met by the mother. The mother appeals.
"In a child neglect proceeding under Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Mia S. [Michelle C.], 212 AD3d 17, 19). "A neglected child is one whose physical, mental, or emotional condition has [*2]been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care," inter alia, in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof (id. at 19 [internal quotation marks omitted]; see Family Ct Act §§ 1012[f][i][B]; 1046[b]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Sage H. [Lovette H.], 204 AD3d 795; Matter of Thaddeus R. [Gabrielle V.], 198 AD3d 901), and by "the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kingston T. [Diamond T.], 209 AD3d 743, 744 [internal quotation marks omitted]; see Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047; see Matter of Sage H. [Lovette H.], 204 AD3d at 796). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Je'laya J. [Tracey S.], 192 AD3d 1032, 1033, quoting Matter of Emmanuel E. [Debra C.], 187 AD3d 1014, 1014).
Here, the Family Court's determination that the mother neglected Aryah J. based, in part, on a domestic violence incident that occurred on October 27, 2020, was supported by a preponderance of the evidence, including the testimony of an eyewitness and a video recording of the incident, during which the mother physically assaulted the father over a protracted period of time in the child's presence (see Matter of Angelia S. [Jesus S.], 181 AD3d 680, 681). The court's determination that the mother also neglected Aryah J. by placing the child in imminent danger of physical harm when the mother knowingly and intentionally drove her vehicle into a vehicle driven by the father in which the child was seated is also supported by a preponderance of the evidence (see Matter of Riley C. [Steven C.], 138 AD3d 990, 991).
"A finding of derivative neglect is warranted when a parent's conduct towards one child demonstrates a fundamental defect in their understanding of the duties of parenthood, or such an impaired level of parental judgment so as to create a substantial risk of harm for any child in their care" (Matter of Faith A.M. [Faith M.], 191 AD3d 884, 884-885; see Matter of Marino S., 100 NY2d 361, 374; Matter of Sage H. [Lovette H.], 204 AD3d at 797; Matter of Jupiter C. [Tamarah C.], 186 AD3d 827, 829). "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). Contrary to the mother's contention, a preponderance of the evidence established that Bryce J. was derivatively neglected since the mother's conduct "evinced such a profound lack of understanding of [her] parental responsibilities as to create a substantial risk of harm for any child in [her] care" (Matter of Kevon G. [Kevin G.], 196 AD3d 572, 574 [internal quotation marks omitted]).
The mother's remaining contentions are not properly before this Court.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court