Matter of Kamaya S. (Zephaniah S.) (2023 NY Slip Op 03793)

Matter of Kamaya S. (Zephaniah S.)

2023 NY Slip Op 03793

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-00813
2022-00814
 (Docket No. N-10385-20)

[*1]In the Matter of Kamaya S. (Anonymous). Administration for Children's Services, respondent; Zephaniah S. (Anonymous), appellant.

Brooklyn Defender Services, Brooklyn, NY (Amy Mulzer and Dipona Bandy of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and D. Alan Rosinus, Jr., of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Diane Costanzo, J.), dated December 20, 2021, and (2) an order of disposition of the same court dated January 12, 2022. The order of fact-finding, after a hearing, found that the father neglected the subject child. The order of disposition, upon the order of fact-finding and upon the father's consent, placed the child in the custody of the Commissioner of Social Services of the City of New York to reside in kinship foster care upon certain terms and conditions.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as, upon the father's consent, placed the child in the custody of the Commissioner of Social Services of the City of New York to reside in kinship foster care upon certain terms and conditions is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In October 2020, the petitioner commenced this proceeding pursuant to Family Court [*2]Act article 10 alleging, inter alia, that the father had neglected the subject child due to mental illness. In an order of fact-finding dated December 20, 2021, the Family Court, after a hearing, found that the father neglected the child. In an order of disposition dated January 12, 2022, the court, upon the order of fact-finding and upon the father's consent, placed the child in the custody of the Commissioner of Social Services of the City of New York to reside in kinship foster care upon certain terms and conditions with the child's paternal grandmother. The father appeals from the order of fact-finding and the order of disposition.
The appeal from the order of fact-finding must be dismissed because the order of fact-finding was superseded by the order of disposition. The issues raised on the appeal from the order of fact-finding are brought up for review on the appeal from the order of disposition (see Matter of Harmony H. [Welton H.], 148 AD3d 1019, 1019). Additionally, the appeal from so much of the order of disposition as placed the child, upon consent, in the custody of the Commissioner of Social Services of the City of New York to reside in kinship foster care upon certain terms and conditions must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Chloe W. [Tara W.], 188 AD3d 707, 708).
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or neglected by 'a preponderance of the evidence'" (Matter of Bibi H. v Administration for Children's Servs.-Queens, 210 AD3d 771, 773, quoting Family Ct Act § 1046[b][i]). "'Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child'" (Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d 1160, 1161, quoting Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056). "[T]he 'court is not required to wait until [the] child has already been harmed before it enters a finding of neglect'" (Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056, quoting Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1279).
Here, the petitioner established by a preponderance of the evidence that the father neglected the child. The evidence presented by the petitioner at the fact-finding hearing demonstrated a causal connection between the father's limited insight into his ongoing mental illness and the risk of imminent harm to the subject child (see Matter of Bibi H. v Administration for Children's Servs.-Queens, 210 AD3d at 773; Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056).
Accordingly, the Family Court properly found that the father neglected the child.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court