Matter of Nicholas M. (Lisa B.) (2024 NY Slip Op 06344)

Matter of Nicholas M. (Lisa B.)

2024 NY Slip Op 06344

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-03702
 (Docket No. N-13734-21)

[*1]In the Matter of Nicholas M. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Lisa B. (Anonymous), appellant (and another proceeding).

Darla A. Filiberto, Islandia, NY, for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for respondent.
Laurette D. Mulry, Riverhead, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Caren Loguercio, J.), dated March 13, 2023. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon a decision of the same court dated June 27, 2022, inter alia, found that the mother neglected the subject child, placed the subject child in the custody of a relative until the completion of the next permanency hearing, and directed that the mother undergo a forensic parenting evaluation.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding against the mother and a related proceeding against the father, both pursuant to Family Court Act article 10, alleging that they neglected the subject child, in that, among other things, they failed to provide the child with proper care, supervision, and guardianship (see Matter of Nicholas M. [Robert M.], 224 AD3d 689, 690). In an order of fact-finding and disposition dated March 13, 2023, the Family Court, after fact-finding
and dispositional hearings, and upon a decision dated June 27, 2022, inter alia, found that the mother neglected the child, placed the child in the custody of a relative until the completion of the next permanency hearing, and directed that the mother undergo a forensic parenting evaluation. The mother appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or neglected by a preponderance of the evidence" (Matter of Kamaya S. [Zephaniah S.], 218 AD3d 590, 592 [internal quotation marks omitted]). "To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise [*2]a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784 [internal quotation marks omitted]; see Family Ct Act §§ 1012[f][i]; 1046[b][i]). "Courts must evaluate parental behavior objectively by considering whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances then and there existing" (Matter of Kaira K. [Karam S.], 226 AD3d 900, 902 [internal quotation marks omitted]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Nicholas M. [Robert M.], 224 AD3d at 691 [internal quotation marks omitted]).
Here, the petitioner established by a preponderance of the evidence that the mother neglected the child (see id.). For example, "[t]he evidence adduced at the fact-finding hearing established that the mother maintained the child's home in a deplorable and unsanitary condition" (Matter of Justyn H. [Laverne H.], 191 AD3d 876, 877 [alterations omitted]; see Matter of Kaira K. [Karam S.], 226 AD3d at 903) and that the mother failed to provide "the child with appropriate hygiene and dental care" (Matter of Nicholas M. [Robert M.], 224 AD3d at 691; see Matter of Tarahji N. [Bryan N.—Divequa C.], 197 AD3d 1317, 1320; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 701). The evidence also demonstrated that the mother did not provide the child with adequate supervision at the family home (see Matter of Nicholas M. [Robert M.], 224 AD3d at 691; Matter of Olivia R. [Kaila G.], 138 AD3d 1122, 1123; Matter of Debraun M., 34 AD3d 587, 587). Contrary to the mother's contention, the evidence was sufficient to establish that her failures to exercise the minimum degree of care "impaired, or created an imminent danger of impairing, [the child's] physical, mental, or emotional condition" (Matter of Eugene S. [Priscilla E.], 114 AD3d 691, 691).
Moreover, contrary to the mother's contention, the Family Court providently exercised its discretion in directing her to undergo a forensic parenting evaluation (see Family Ct Act § 251; Matter of Fernandez v Saunders, 174 AD3d 531, 532; Matter of Cristella B., 65 AD3d 1037, 1040).
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court