Matter of Justin Noah O. (Ruth S.) (2025 NY Slip Op 03812)

Matter of Justin Noah O. (Ruth S.)

2025 NY Slip Op 03812

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-12447
 (Docket No. N-11652-20)

[*1]In the Matter of Justin Noah O. (Anonymous). Administration for Children's Services, respondent; Ruth S. (Anonymous), appellant.

Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Tahirih M. Sadrieh and Jamison Davies of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated November 8, 2023. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In November 2020, the Administration for Children's Services (hereinafter ACS) commenced this neglect proceeding pursuant to Family Court Act article 10. ACS alleged that the mother had neglected the subject child in that she failed to provide the child with proper supervision or guardianship by exhibiting certain "bizarre and outrageous behavior." After a fact-finding hearing, the Family Court found that the mother neglected the child as alleged in the petition.
"In a child neglect proceeding under Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Bryce J. [Alia F.], 214 AD3d 803, 804 [internal quotation marks omitted]; see Matter of Mia S. [Michelle C.], 212 AD3d 17, 19). "Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Precise M. [Tawana M.], 215 AD3d 680, 681 [internal quotation marks omitted]; see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056). "[A] neglect finding is proper upon proof of the causal connection between a parent's mental illness and requisite potential harm to the child" (Matter of Madison G. [Lynn T.], 181 AD3d 597, 599 [internal quotation marks omitted]; see Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1280). "The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity" [*2](Matter of Jayce W. [Lucinda J.], 224 AD3d 916, 917 [internal quotation marks omitted]; see Matter of Skyli V. [Jamol V.—Shaneka E.], 224 AD3d 913, 915).
Here, contrary to the mother's contention, the Family Court's finding of neglect was supported by a preponderance of the evidence. ACS established that there was a causal connection between the mother's mental health condition and the risk of potential and imminent harm to the child (see Matter of Kamaya S. [Zephaniah S.], 218 AD3d 590, 592; Matter of Chloe W. [Tara W.], 188 AD3d 707, 709; Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056).
Accordingly, the Family Court properly found that the mother neglected the child.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court