Matter of Lamech B.-I. v Pauline R. (2025 NY Slip Op 04090)

Matter of Lamech B.-I. v Pauline R.

2025 NY Slip Op 04090

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-02817 
2024-09537
 (Docket Nos. N-3002-24, V-3523-24)

[*1]In the Matter of Lamech B.-I. (Anonymous), petitioner, 
v
Pauline R. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Lamech K. B.-I. (Anonymous). Administration for Children's Services, respondent;
v
Pauline R. (Anonymous), appellant. (Proceeding No. 2) 

Austin I. Idehen, Jamaica, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for respondent in Proceeding No. 2.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 10, the mother appeals from (1) an order of the Family Court, Kings County (Robert D. Hettleman, J.), dated March 14, 2024, and (2) an order of fact-finding and disposition of the same court dated August 23, 2024. The order, insofar as appealed from, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody during the pendency of the proceeding pursuant to Family Court Act article 10. The order of fact-finding and disposition, after fact-finding and dispositional hearings, inter alia, found that the mother neglected the subject child and released the subject child to the nonrespondent father.
ORDERED that the appeal from the order is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In February 2024, the Administration for Children's Services (hereinafter ACS) commenced a neglect proceeding pursuant to Family Court Act article 10 against the mother, alleging that the mother neglected the subject child. According to ACS, the mother's failure to obtain proper mental health treatment for her mental illness and to provide the child with adequate education placed the child at imminent risk of harm. After the child was placed in the nonrespondent father's care, the mother made an application pursuant to Family Court Act § 1028 for the return of [*2]the child to her custody during the pendency of the proceeding. In an order dated March 14, 2024, following a hearing, the Family Court, inter alia, denied the mother's application. After fact-finding and dispositional hearings, in an order of fact-finding and disposition dated August 23, 2024, the court, among other things, found that the mother neglected the child and released the child to the father. The mother appeals from the order and the order of fact-finding and disposition.
The appeal from so much of the order as denied the mother's application pursuant to Family Court Act § 1028 must be dismissed, as the appeal has been rendered academic in light of the order of fact-finding and disposition (see Matter of Ricardo O. [Lynette R.], 197 AD3d 1320, 1321; Matter of Lizzie G. [Chastity G.], 184 AD3d 828, 829). The mother's contentions concerning the emergency removal of the child without a hearing are similarly academic (see Matter of Sara A. [Ashik A.], 141 AD3d 646, 647).
"In a child neglect proceeding under Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Bryce J. [Alia F.], 214 AD3d 803, 804 [internal quotation marks omitted]; see Nicholson v Scoppetta, 3 NY3d 357, 368). "[W]hile parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect" (Matter of David J. [Danielle J.], 236 AD3d 786, 788-789 [internal quotation marks omitted]; see Matter of Rayvin G. [Arlasha G.], 237 AD3d 933, 935). However, "such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Moshae L. [Angela J.], 237 AD3d 821, 824 [internal quotation marks omitted]; see Matter of Sonja R. [Victor R.], 216 AD3d 1096, 1098). "To establish educational neglect, a petitioner is required to prove by a preponderance of the evidence that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired due to the parent's failure to exercise a minimum degree of care in providing the child with an adequate education" (Matter of Tim C. [Rizalina C.], 185 AD3d 1021, 1022 [internal quotation marks omitted]; see Matter of Kieara N. [Shasha F.], 167 AD3d 620, 621).
Here, ACS established by a preponderance of the evidence that the mother neglected the child. ACS's evidence showed that the mother's untreated mental illness caused the child to be placed at imminent risk of harm (see Matter of Rayvin G. [Arlasha G.], 237 AD3d at 935; Matter of Wynter V. [Felitta V.], 230 AD3d 505, 506). Similarly, ACS met its prima facie burden of establishing educational neglect by submitting unrebutted evidence of the child's excessive school absences and the child's failing grades (see Matter of Nevetia M. [Tiara M.], 184 AD3d 836, 838; Matter of Madison G. [Lynn T.], 181 AD3d 597, 599). The mother did not offer any evidence in support of a reasonable justification for the child's absences or failing grades (see Matter of Kieara N. [Shasha F.], 167 AD3d at 622; Matter of Jamel N.A. [Nijer S.J.], 161 AD3d 1070, 1070).
The mother's remaining contention is without merit.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court