Matter of Tyjon R. (Felicia R.) (2025 NY Slip Op 04182)

Matter of Tyjon R. (Felicia R.)

2025 NY Slip Op 04182

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-04833
2023-04835
 (Docket Nos. N-3554-19, N-3555-19, N-3556-19)

[*1]In the Matter of Tyjon R. (Anonymous). Administration for Children's Services, respondent; Felicia R. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Nautica R. (Anonymous). Administration for Children's Services, respondent; Felicia R. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Abigail R. (Anonymous). Administration for Children's Services, respondent; Felicia R. (Anonymous), appellant. (Proceeding No. 3)

Helene Chowes, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (MacKenzie Fillow and Philip W. Young of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Zoe Allen, and Hayley Adnopoz of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline D. Williams, J.), dated December 2, 2021, and (2) an order of disposition of the same court dated April 21, 2023. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject children. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, directed the mother to submit to a mental health evaluation and medication management and to complete anger management and parenting skills classes.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act [*2]article 10, alleging that the mother neglected the three subject children, inter alia, by failing to provide them with adequate shelter and, with respect to the two older children, failing to provide them with an adequate education. After fact-finding and dispositional hearings, the Family Court, among other things, found that the mother neglected the children by failing to provide them with adequate shelter and failing to provide the two older children with an adequate education, and directed the mother to submit to a mental health evaluation and medication management and to complete anger management and parenting skills classes. The mother appeals.
"The appeal from the order of fact-finding must be dismissed because the order of fact-finding was superseded by the order of disposition. The issues raised on the appeal from the order of fact-finding are brought up for review on the appeal from the order of disposition" (Matter of Harmony H. [Welton H.], 148 AD3d 1019, 1019-1020; see Matter of Sama A. [Safaa S.], 224 AD3d 677, 678).
"To establish educational neglect, a petitioner is required to prove by a preponderance of the evidence that a child's 'physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired' due to the parent's failure to exercise a minimum degree of care in providing the child with an adequate education" (Matter of Tim C. [Rizalina C.], 185 AD3d 1021, 1022, quoting Family Ct Act § 1012[f][i]; see Family Ct Act §§ 1012[f][i][A]; 1046[b][i]). The petitioner submitted unrebutted evidence of excessive school absences for the two older children, and the mother failed to offer a reasonable justification for the absences (see Matter of Madison G. [Lynn T.], 181 AD3d 597, 599; Matter of Isaac V.D.L.R. [Maria D.L.R.], 174 AD3d 622, 623). Moreover, the mother admitted that she was not in compliance with any state educational authority in home schooling the two older children (see Matter of David J. [Danielle J.], 236 AD3d 786, 788; Matter of Isaac V.D.L.R. [Maria D.L.R.], 174 AD3d at 623).
Further, contrary to the mother's contention, the petitioner established, by a preponderance of the evidence, that the mother neglected the children by failing to provide them with adequate shelter although the mother had reasonable means and financial support to do so (see Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611; Family Ct Act § 1012[f][i][A]). The mother's failure to provide adequate shelter, by itself, is sufficient to support the finding of neglect as to the three children (see id.; Matter of Alexander L. [Andrea L.], 99 AD3d 599, 599).
At a dispositional hearing, the Family Court's disposition must be made "solely on the basis of the best interests of the child" with "no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631; see Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Bobby J.C. [Faith C.], 124 AD3d 648, 648-649). "The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (Matter of Phillips N. [Joy N.], 104 AD3d 690, 691 [internal quotation marks omitted]; see Matter of Kayorie S. [Brandy S.], 214 AD3d 886, 887). Here, the directives that the mother participate in certain services were in the children's best interests (see Matter of Moses M. [Melissa M.], 237 AD3d 825, 826).
The new facts set forth by the attorney for the children on appeal do not demonstrate that the record before us is no longer sufficient for determining the appeals (see Matter of Michael B., 80 NY2d 299, 318; Matter of Brisard v Brisard, 211 AD3d 838, 839).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court