Matter of Joseph Bruce I. (Joseph A. I.) (2020 NY Slip Op 04166)





Matter of Joseph Bruce I. (Joseph A. I.)


2020 NY Slip Op 04166


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-11873
2019-11875
 (Docket Nos. N-7824-17, N-7825-17)

[*1]In the Matter of Joseph Bruce I. (Anonymous). Administration for Children's Services, respondent; Joseph A. I. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Nolan Alexander I. (Anonymous). Administration for Children's Services, respondent; Joseph A. I. (Anonymous), appellant. (Proceeding No. 2.)


Peter Wilner, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Julia Bedell of counsel), for respondent.
Laurie Gennusa, Jamaica, NY, attorney for the children.



DECISION & ORDER
In two related child neglect proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Diane Costanzo, J.), dated May 8, 2019, and (2) an order of disposition of the same court dated July 25, 2019. The order of fact-finding, after a hearing, found that the father neglected the subject children. The order of disposition, after a hearing, and upon the father's failure to appear at the dispositional hearing, inter alia, released the children to the custody of the mother.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1287); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Since the order of disposition appealed from was made upon the father's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Kieara N. [Shasha F.], 167 AD3d 620, 621; Matter of Marchella P. [Loretta B.-B.], 137 AD3d at 1287). Accordingly, on these appeals, review is limited to the Family Court's finding that the father neglected the subject children.
In 2017, the Administration for Children's Services (hereinafter ACS) filed neglect petitions against the father, alleging, inter alia, that he suffered from a mental illness which impaired his ability to care for the subject children. After a fact-finding hearing, the Family Court found that the father neglected the subject children as a result of, inter alia, his ongoing mental illness and failure to comply with recommended treatment and medication management. After a dispositional hearing, at which the father did not appear, the court, inter alia, released the children to the custody of the mother.
A neglected child is a child less than 18 years old "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f][i][B]; see Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759). "While parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect" (Matter of Geoffrey D. [Everton D.], 158 AD3d at 759). Rather, the petitioner must adduce evidence sufficient to "establish a causal connection between the parent's condition, and actual or potential harm to the [child]" (Matter of Joseph A. [Fausat O.], 91 AD3d 638, 640).
As the Family Court found, ACS established, by a preponderance of the evidence, that the father neglected the subject children (see Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1245-1246). There was evidence in the record that the father lacked insight into his ongoing mental illness and the reasons for his psychiatric hospitalizations and that his refusal to cooperate with the prescribed treatment placed the children at imminent risk of harm. The court's credibility determinations were supported by the record and will not be disturbed (see Matter of Andrew B. [Deborah B.], 73 AD3d 1036).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court