Matter of Anthony A. R. (Taicha P.) (2020 NY Slip Op 06270)





Matter of Anthony A. R. (Taicha P.)


2020 NY Slip Op 06270


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-09378
2020-01483
 (Docket Nos. N-6490-17, N-6491-17, N-6488-17, N-6489-17)

[*1]In the Matter of Anthony A. R. (Anonymous), Jr. Administration for Children's Services, petitioner-respondent; Taicha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Xavier R. (Anonymous), Jr. Administration for Children's Services, petitioner-respondent; Taicha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Eternity R. (Anonymous). Administration for Children's Services, petitioner-respondent; Taicha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)
In the Matter of Destiny R. (Anonymous). Administration for Children's Services, petitioner-respondent; Taicha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 4.)


Center for Family Representation, Inc., New York, NY (Michele Cortese and Emily S. Watt of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Diana Lawless and Melanie T. West of counsel), for petitioner-respondent.
Olga J. Rodriguez, Forest Hills, NY, attorney for the children Anthony A. R., Jr., Eternity R., and Destiny R.
Janet E. Sabel, New York, NY (Dawne Mitchell and Marcia Egger of counsel), attorney for the child Xavier R., Jr.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated January 24, 2019, and (2) an order of disposition of the same court dated July 15, 2019. The order [*2]of disposition dated January 24, 2019, insofar as appealed from, upon an order of fact-finding of the same court dated January 24, 2019, made after a fact-finding hearing, inter alia, finding that the mother neglected the subject child Xavier R., Jr., and after a dispositional hearing, placed that child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The order of disposition dated July 15, 2019, insofar as appealed from, upon an order of fact-finding of the same court dated January 24, 2019, made after a fact-finding hearing, inter alia, finding that the mother neglected the subject children Anthony A. R., Jr., Destiny R., and Eternity R., and after a dispositional hearing, placed those children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.
In 2017, the Administration for Children's Services (hereinafter ACS) filed neglect petitions against the mother alleging, inter alia, that she failed to provide proper supervision and guardianship for the subject children. After a fact-finding hearing, the Family Court found that the mother neglected the subject children as a result, inter alia, of her bizarre behavior and refusal to obtain treatment for her mental illness. After dispositional hearings, the court placed the subject children in the custody of the Commissioner of Social Services of New York City until the completion of the next permanency hearing. The mother appeals.
"A neglected child is a child less than 18 years old 'whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof'" (Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 931, quoting Family Ct Act § 1012[f][i][B]). "While parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect. . . . A neglect finding is proper upon proof of the causal connection between a parent's mental illness and requisite potential harm to the child" (Matter of Madison G. [Lynn T.], 181 AD3d 597, 599 [internal quotation marks and citations omitted]).
Here, ACS established, by a preponderance of the evidence, that the mother neglected the subject children (see Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d at 932; Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246; Matter of Jonathan H. [Tamika Q.], 156 AD3d 786, 788). The evidence established that the mother's lack of insight into her ongoing mental illness and her refusal to submit to a mental health evaluation and treatment placed the children in imminent risk of harm (see Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d at 932; Matter of Nialani T. [Elizabeth B.], 164 AD3d at 1246; Matter of Jonathan H. [Tamika Q.], 156 AD3d at 788). The Family Court's credibility determinations were supported by the record and will not be disturbed (see Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d at 932).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court