Matter of Hadeem D. (Adama F.) (2020 NY Slip Op 08059)





Matter of Hadeem D. (Adama F.)


2020 NY Slip Op 08059


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-01688
2020-01689
 (Docket Nos. N-15320-17, N-15321-17, N-15322-17)

[*1]In the Matter of Hadeem D. (Anonymous). Administration for Children's Services, petitioner-respondent; Adama F. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Papamor D. (Anonymous). Administration for Children's Services, petitioner-respondent; Adama F. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Malang D. (Anonymous). Administration for Children's Services, petitioner-respondent; Adama F. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)


Kyle Sosebee, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Deborah E. Wassel of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.



DECISION & ORDER
In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated June 25, 2019, and (2) an order of disposition of the same court dated January 16, 2020. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the youngest child and derivatively neglected the older children. The order of disposition, upon the order of fact-finding and after a dispositional hearing, awarded the father custody of the subject children.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and is it further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In 2017, the Administration for Children's Services commenced the instant child protective proceedings, alleging, inter alia, that the mother neglected her youngest child and derivatively neglected her two older children. The allegations stemmed from an incident where the mother lost the youngest child, who was 10 years old, non-verbal, and diagnosed with autism, neglected to contact the police until more than one hour after she was separated from that child, was uncooperative with the police when they arrived, and was subsequently admitted for psychiatric treatment at a hospital. In an order of fact-finding, made after a fact-finding hearing, the Family Court found that the mother neglected that child and derivatively neglected the older children. In an order of disposition, made after a dispositional hearing, the Family Court awarded the father custody of the children and awarded the mother unsupervised parental access with the older children and supervised parental access with the youngest child. The mother appeals.
"In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence" (Matter of Nialani T. [Elizabeth B.], 125 AD3d 672, 674). "'A finding of neglect may be predicated upon proof that a child's physical, mental, or emotional condition is in imminent danger of becoming impaired as a result of a parent's mental illness'" (Matter of Alexis S.G. [Shanese B.], 107 AD3d 799, 799, quoting Matter of Soma H., 306 AD2d 531, 531). "[A] neglect finding is proper upon proof of the causal connection between a parent's mental illness and requisite potential harm to the child" (Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1280).
Evidence of actual injury to the youngest child was not required here to support a finding of neglect, as there was sufficient evidence that the child was at imminent risk of harm due to the mother's untreated mental illness (see Matter of Yamailiz G. [Yamara R.], 178 AD3d 610, 610; Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056; Matter of Kiemiyah M. [Cassiah M.], 137 AD3d at 1279). Therefore, the single incident in this case, where the mother's judgment was severely impaired and the child was exposed to a risk of substantial harm, was sufficient to sustain a finding that the mother neglected the child (see Matter of Serenity P. [Shameka P.], 74 AD3d 1855, 1856).
"The focus of the inquiry to determine whether a parent derivatively neglected a child (see Family Ct Act § 1046[a][i]) 'is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood. Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused [or neglected] one child will place his or her other children at substantial risk of harm'" (Matter of Annalise L. [Jalise P.], 170 AD3d 835, 836, quoting Matter of Jahmya J. [Crystal L.J.], 137 AD3d 1132, 1133 [internal quotation marks and citations omitted]). "'There is no per se rule that a finding of abuse or neglect of one sibling requires a finding of derivative abuse or neglect with respect to the other siblings'" (Matter of Samuel A.R. [Soya R.], 179 AD3d 702, 703, quoting Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784). This Court has determined that failing to comply with a course of treatment for a mental illness can evidence a fundamental defect of the understanding of the duties of parenthood (see Matter of Jaylhon C. [Candace C.], 170 AD3d 999, 1001).
Here, the evidence established that the mother's failure to treat her mental illness indicates a fundamental defect of her understanding of the duties of parenthood. The evidence showed that when her youngest child was missing, she had to be persuaded by one of her other children to call the police. There was evidence that voices that she heard in her head caused her to ignore her parenting duties, and she admitted that she was no longer taking her prescribed medication to quell those voices. The mother's failure to recognize that her child was in danger and that she needed assistance, coupled with her admission that she was no longer taking medication for her mental illness, supports the conclusion that the condition impairing her parental judgment still exists (see Matter of Dayyan J.L. [Autumn. M.], 131 AD3d 1243, 1245). Accordingly, we agree with the Family Court's finding that the mother derivatively neglected the older children.
MASTRO, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court