Matter of Bethany R. (Bethmarie R.) (2022 NY Slip Op 00668)





Matter of Bethany R. (Bethmarie R.)


2022 NY Slip Op 00668


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-06492 
2020-06499
2020-06500
 (Docket No. N-6928-19)

[*1]In the Matter of Bethany R. (Anonymous). Nassau County Department of Social Services, respondent; 
and
Bethmarie R. (Anonymous), appellant.


Carol J. Lewisohn, Woodmere, NY, for appellant.
Thomas A. Adams, Acting County Attorney, Mineola, NY (Robert F. Van der Waag and Felicia Gross of counsel), for respondent.
Amy L. Colvin, Huntington, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Nassau County (Robin M. Kent, J.), dated February 28, 2020, (2) an order of disposition of the same court dated April 2, 2020, and (3) an order of protection of the same court dated April 2, 2020. The order dated February 28, 2020, granted the petitioner's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the mother with the subject child are no longer required. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated October 21, 2019, made after a fact-finding hearing, finding that the mother neglected the subject child, and after a dispositional hearing, continued the placement of the subject child in the custody of the Commissioner of Social Services of Nassau County and directed the entry of an order of protection in favor of the subject child against the mother. The order of protection directed the mother, inter alia, to stay away from the subject child except for supervised parental access for a period of one year.
ORDERED that the order dated February 28, 2020, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
In May 2019, the Family Court directed the emergency removal of the subject child, then one month old, pursuant to Family Court Act § 1024 upon the petitioner's filing of a petition alleging that the mother neglected the child. The petitioner alleged that the mother's parental rights to seven other children had been terminated, and that she was a flight risk and had an untreated mental illness that impaired her ability to provide a minimum degree of care. The petitioner further [*2]alleged that the mother had undergone a psychological evaluation in connection with the termination of her parental rights to another child, which revealed that the mother suffered from, inter alia, a personality disorder with paranoid and self-defeating traits. After fact-finding and dispositional hearings at which mental health professionals and caseworkers testified consistently with the allegations, and evidence of the termination of the mother's parental rights to several of her children was introduced, the court found that the mother neglected the child, granted the petitioner's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the mother with the child are no longer required, continued the child's placement with the petitioner, and issued an order of protection directing the mother, inter alia, to stay away from the child except for supervised parental access for a period of one year. The mother appeals.
"In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence" (Matter of Nialani T. [Elizabeth B.], 125 AD3d 672, 674). "A finding of neglect may be predicated upon proof that a child's physical, mental, or emotional condition is in imminent danger of becoming impaired as a result of a parent's mental illness" (Matter of Alexis S.G. [Shanese B.], 107 AD3d 799, 799 [internal quotation marks omitted]). "[A] neglect finding is proper upon proof of the causal connection between a parent's mental illness and requisite potential harm to the child" (Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1280). Contrary to the mother's contention, there is a sound and substantial basis in the record for the Family Court's finding that she neglected the child due to her unresolved mental illness. The evidence at the fact-finding hearing demonstrated a causal connection between the mother's mental illness and harm to the child (see Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 691). Moreover, the petitioner demonstrated that the mother failed to resolve the issues that resulted in the prior findings of neglect as to the child's older siblings (see Matter of Phoenix J. [Kodee J.], 129 AD3d 603, 603), and that the conduct that formed the basis for the findings of neglect as to the siblings was sufficiently proximate in time to the instant neglect proceeding such that it can reasonably be concluded that the condition still exists (see Matter of Hope P. [Stephanie B.], 149 AD3d 947, 947-948).
Contrary to the mother's contention, the Family Court properly granted the petitioner's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite her with the subject child are no longer required. As a result of the finding that the mother's parental rights to the child's siblings were terminated (see id. § 1039-b[b][6]), reasonable efforts to make it possible for the child to return safely to her home would not be required "unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future" (id. § 1039-b[b]). The mother failed to meet her burden of establishing that reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the mother and the child in the foreseeable future (see id. § 1039-b; Matter of Skyler C. [Satima C.], 106 AD3d 816, 818).
Although the order of protection has expired by its own terms, the appeal from the order of protection has not been rendered academic "given the totality of the enduring legal and reputation consequences" of the order of protection (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; see Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 723-724).
The mother's remaining contentions are without merit.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court