Matter of Bibi H. v Services-Queens (2022 NY Slip Op 06244)

Matter of Bibi H. v Services-Queens

2022 NY Slip Op 06244

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-00020
2022-00022
 (Docket Nos. N-25143-18, V-13511-19)

[*1]In the Matter of Bibi H. (Anonymous), petitioner-respondent,
v
Admin. for Children's Services-Queens, respondent- respondent, Priya S. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Ashton J. (Anonymous). Administration for Children's Services, petitioner-respondent; Priya S. (Anonymous), appellant. (Proceeding No. 2.)

Hector L. Santiago, Kew Gardens, NY, for appellant.
Janis A. Parazzelli, Floral Park, NY, for petitioner-respondent in Proceeding No. 1.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Kate Fletcher of counsel), for respondent-respondent in Proceeding No. 1 and petitioner-respondent in Proceeding No. 2.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10 and a related proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated December 3, 2021, and (2) an order of the same court dated December 3, 2021. The order of fact-finding and disposition, insofar as appealed from, after a hearing, found that the mother neglected the subject child. The order, after a hearing and upon the mother's consent, granted the maternal grandmother's petition for custody of the subject child.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The appeal from the order must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Kevon G. [Keith G.], 196 AD3d 572, 572-573).
In December 2018, the Administration for Children's Services (hereinafter ACS) commenced a proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child as a result of her mental illness. After a hearing, the Family Court found that the mother neglected the child as a result of her ongoing mental illness and refusal to take medication, which rendered her unable to care for the child. The mother appeals.
The mother's contention that the Family Court was biased against her is unpreserved for appellate review. In any event, when a claim of bias is raised, "[t]he inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party" (Matter of Davis v Pignataro, 97 AD3d 677, 678 [internal quotation marks omitted]). Here, the record reflects that the court treated the parties fairly and did not have a predetermined outcome of the case in mind during the hearing (see Matter of Bowe v Bowe, 124 AD3d 645, 646; Matter of Davis v Pignataro, 97 AD3d at 678). The mother's contention that she was deprived of a fair hearing by certain of the court's evidentiary rulings is unpreserved for appellate review and, in any event, without merit.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or neglected by "a preponderance of evidence" (Family Ct Act § 1046[b][i]; see id. § 1012[f][i]). "Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691; see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056). Proof of a parent's "ongoing mental illness and the failure to follow through with aftercare medication is a sufficient basis for a finding of neglect where such failure results in a parent's inability to care for [his or] her child in the foreseeable future" (Matter of Bella S. [Sarah S.], 158 AD3d 703, 704 [internal quotation marks omitted]; see Matter of Khaleef M. S.-P. [Khaleeda M.S.], 203 AD3d 1160).
Here, ACS established by a preponderance of the evidence that the mother neglected the child. The evidence presented by ACS at the hearing demonstrated that the mother's lack of insight into her ongoing mental illness and her failure to comply with prescribed medication management and treatment placed the child at imminent risk of harm (see Matter of Christian G. [Alexis G.], 192 AD3d 1027, 1029; Matter of Anthony A.R. [Taicha P.], 188 AD3d 697, 698-699; Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246).
The remaining contentions of the mother, the maternal grandmother, and the attorney for the child are either not properly before this Court or without merit.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court