Matter of Precise M. (Tawana M.) (2023 NY Slip Op 01798)

Matter of Precise M. (Tawana M.)

2023 NY Slip Op 01798

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2022-02968
 (Docket Nos. N-901-19, N-902-19)

[*1]In the Matter of Precise M. (Anonymous). Administration for Children's Services, respondent; Tawana M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Destin M. (Anonymous). Administration for Children's Services, respondent; Tawana M. (Anonymous), appellant. (Proceeding No. 2)

Lisa A. Manfro, Glen Cove, NY, for the appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jamison Davies and Deborah E. Wassel of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Richmond County (Karen B. Wolff, J.), dated March 1, 2022. The order of fact-finding, upon a decision of the same court dated February 28, 2022, made after a hearing, found that the mother neglected the subject children.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
In 2019, the Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children as a result of her untreated mental illness and based on her act of leaving the children with their maternal great-grandmother while the mother traveled out of state, without giving advance notice to the great-grandmother, without informing the great-grandmother when the mother would return, and without making provision for the children's support. After a hearing, the Family Court found that the mother neglected the children. The mother appeals.
Contrary to the mother's contention, the Family Court retained jurisdiction to adjudicate the question of the mother's neglect of the older child, who was 17 years old when the proceedings were commenced and only reached the age of 18 during the pendency of the proceedings (see id. §§ 1013[c]; 1055[e]).
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or [*2]neglected by "a preponderance of [the] evidence" (id. § 1046[b][i]; see id. § 1012[f][i]). "Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691; see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055). Proof of a parent's "ongoing mental illness and the failure to follow through with aftercare medication is a sufficient basis for a finding of neglect where such failure results in a parent's inability to care for [his or] her child in the foreseeable future" (Matter of Bella S. [Sarah S.], 158 AD3d 703, 704 [internal quotation marks omitted]; see Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d 1160). In addition, the failure to supply a child with adequate support, despite being financially able to do so or being offered the means to do so, can support a finding of neglect (see Family Ct Act § 1012[f][i][A]; Matter of Tia B., 257 AD2d 366).
Here, ACS established by a preponderance of the evidence that the mother neglected the children. The evidence presented by ACS at the hearing demonstrated that the mother's lack of insight into her ongoing mental illness and her refusal to take medication or undergo mental health treatment placed the children at imminent risk of harm (see Matter of Christian G. [Alexis G.], 192 AD3d 1027; Matter of Anthony A.R. [Taicha P.], 188 AD3d 697; Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245). In addition, the record supports the Family Court's finding that the mother neglected the children by leaving them with their great-grandmother without providing notice of when the mother would return and without making any provision for their support (see Matter of Nassair S. [Chareshma T.], 144 AD3d 604).
The mother's remaining contentions are without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court