Matter of Sonja R. (Victor R.) (2023 NY Slip Op 02787)

Matter of Sonja R. (Victor R.)

2023 NY Slip Op 02787

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-05257
2022-05258
 (Docket Nos. N-20812-19, N-20813-19, N-20814-19, N-11936-20)

[*1]In the Matter of Sonja R. (Anonymous). Administration for Children's Services, petitioner- respondent; Victor R. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Josephine R. (Anonymous). Administration for Children's Services, petitioner- respondent; Victor R. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Kingston. (Anonymous). Administration for Children's Services, petitioner- respondent; Victor R. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)
In the Matter of Vita R. (Anonymous). Administration for Children's Services, petitioner- respondent; Victor R. (Anonymous), appellant. (Proceeding No. 4.)

 

Larry S. Bachner, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Amy McCamphill of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) a decision of the Family Court, Kings County (Ilana Gruebel, J.), dated June 9, 2022, and (2) an order of fact-finding and disposition of the same court also dated June 9, 2022. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the decision, found that the father derivatively neglected the subject children and placed the subject children in the custody of the Commissioner of Social Services of the City of New York until completion of the next permanency hearing.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs of disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is reversed insofar as reviewed, on the law and the facts, without costs or disbursements, the petitions relating to the children Sonja R., Josephine R., and Vita R., and the petition relating to the child Kingston V. insofar as asserted against the father, are denied, and the proceedings related to the children Sonja R., Josephine R., and Vita R., and the proceeding relating to the child Kingston V. insofar as asserted against the father, are dismissed.
On July 26, 2019, the Administration for Children's Services (hereinafter the petitioner) filed a petition alleging, inter alia, that the father neglected the child Fyre R. (born July 2019) by failing to provide Fyre with proper supervision or guardianship in that the father suffered from a mental illness that impaired his ability to care for Fyre. The petitioner also filed petitions alleging that the father derivatively neglected the children Sonja R. (born July 2018), Josephine R. (born October 2015), and Vita R. (born January 2014) based on his conduct toward Fyre. On December 4, 2020, the petitioner filed a petition alleging, inter alia, that the father derivatively neglected the child Kingston V. (born November 2020) based on the father's conduct toward Fyre. On July 22, 2021, the Family Court dismissed the petition relating to Fyre because that child was freed for adoption in a separate proceeding. After fact-finding and dispositional hearings, the court found that the father derivatively neglected Sonja, Josephine, Vita, and Kingston (hereinafter collectively the subject children) based on his untreated mental illness and conduct with regard to Fyre, and placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or neglected by "a preponderance of evidence" (id. § 1046[b][i]; see Matter of Bibi H. v Administration for Children's Servs.-Queens, 210 AD3d 771, 773). "[A] party seeking to establish neglect must show, . . . first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1012[f][i]).
"A finding of neglect may be predicated upon proof that a child's physical, mental, or emotional condition is in imminent danger of becoming impaired as a result of a parent's mental illness" (Matter of Bella S. [Sarah S.], 158 AD3d 703, 704 [internal quotation marks omitted]; see Matter of Alexis S.G. [Shanese B.], 107 AD3d 799, 799). "Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691; see Matter of Bibi H. v Administration for Children's Servs.-Queens, 210 AD3d at 773; Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056). Proof of a parent's "ongoing mental illness and the failure to follow through with aftercare medication is a sufficient basis for a finding of neglect where such failure results in a parent's inability to care for [his or] her child in the foreseeable future" (Matter of Bella S. [Sarah S.], 158 AD3d at 704 [internal quotation marks omitted]; see Matter of Bibi H. v Administration for Children's Servs.-Queens, 210 AD3d at 773).
"[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue [*2]of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). In order to establish derivative abuse or neglect, the petitioner must demonstrate that evidence of the abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood or demonstrates such an impaired level of judgment as to create a substantial risk of harm for any child in his or her care (see Matter of Hadeem D. [Adama F.], 189 AD3d 1581, 1583; Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178-1179). "In determining whether a child born after the underlying acts of neglect should be adjudicated as a child who was derivatively neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct that formed the basis for a finding of neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (Matter of Alicia P. [Gregory P.], 123 AD3d 1135, 1135; see Matter of Annalise L. [Jalise P.], 170 AD3d 835, 836-837).
Here, the record fails to support a finding of derivative neglect as to the subject children based on the purported neglect of Fyre. In that regard, the petitioner failed to establish that the father suffered from an untreated mental illness that placed Fyre at imminent risk of harm (see Matter of Bella S. [Sarah S.], 158 AD3d at 705; Matter of Justin L. [Sandra L.], 144 AD3d 915, 916; Matter of Alexis S.G. [Shanese B.], 107 AD3d at 799-800). Inasmuch as the evidence failed to support a finding that Fyre was endangered by the father's untreated mental illness, it failed to support a finding of derivative neglect as to the subject children (see Family Ct Act § 1046[a][i]; Matter of Iyanah D., 65 AD3d 927, 928).
The father's remaining contentions either are not properly before this Court or need not be addressed in light of our determination.
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court