Matter of Jahmere W. (Dennis W.) (2024 NY Slip Op 04561)

Matter of Jahmere W. (Dennis W.)

2024 NY Slip Op 04561

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2023-01404
2023-01406
 (Docket Nos. N-7127/21, N-7128-21)

[*1]In the Matter of Jahmere W. (Anonymous). Administration of Children's Services, respondent; Dennis W. (Anonymous), Sr., appellant. (Proceeding No. 1)
In the Matter of Sincere W. (Anonymous). Administration of Children's Services, respondent; Dennis W. (Anonymous), Sr., appellant. (Proceeding No. 2)

Leighton M. Jackson, New York, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jamison Davies and Martin Rowe III of counsel), for respondent.
Marion C. Perry, New York, NY, attorney for the child Sincere W.
Twyla Carter, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child Jahmere W.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Linda M. Capitti, J.), dated January 18, 2023, and (2) an order of disposition of the same court, also dated January 18, 2023. The order of fact-finding, after a fact-finding hearing, found that the father sexually abused the child Jahmere W. and derivatively abused the child Sincere W. The order of disposition, after a dispositional hearing, and upon the father's failure to appear at the dispositional hearing, inter alia, released the children to the custody of their respective mothers.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 931); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Since the order of disposition appealed from was made upon the father's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d at 931; Matter of Kieara N. [Shasha F.], 167 AD3d 620, 621). Accordingly, on these appeals, review is limited to the court's denial of the father's attorney's application to adjourn the continued fact-finding hearing and the court's finding that the father sexually abused Jahmere W. and derivatively abused Sincere W.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the father sexually abused the child Jahmere W. and derivatively abused the child Sincere W. Following a fact-finding hearing, in an order of fact-finding dated January 18, 2023, the Family Court found that the father sexually abused Jahmere W. and derivatively abused Sincere W. After a dispositional hearing, at which the father failed to appear, the court issued an order of disposition dated January 18, 2023, inter alia, releasing the children to the custody of their respective mothers. The father appeals.
Contrary to the father's contention, the Family Court providently exercised its discretion in denying his attorney's application for an adjournment of the continued fact-finding hearing. "The granting of an adjournment rests in the sound discretion of the hearing court upon a balanced consideration of all relevant factors" (Matter of Sacks v Abraham, 114 AD3d 799, 800; see Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907, 908). Here, in light of the father's actual knowledge of the date of the continued hearing and his failure to contact his attorney and advise his attorney regarding his failure to appear, the court providently exercised its discretion in denying the father's attorney's application for an adjournment (see Matter of N. [Fania D.-Alice T.], 108 AD3d 551, 552-553).
In a child protective proceeding pursuant to Family Court Act article 10, "the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Emily R. [Magali M.C.], 226 AD3d 794, 795). A child's out-of-court statements may provide the basis for a finding of abuse if the statements are sufficiently corroborated by other evidence tending to support the reliability of the child's statements (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-118). "Any other evidence tending to support the reliability of the previous statements" may be sufficient corroboration (Family Ct Act § 1046[a][vi]). The out-of-court statements of siblings may properly be used to cross-corroborate one another (see Matter of Emily R. [Magali M.C.], 226 AD3d at 795). "Whether or not proffered corroborative testimony actually 'tend[s] to support the reliability of the previous statements' in a particular case is a fine judgment entrusted in the first instance to the Trial Judges who hear and see the witnesses. In individual cases, 'Family Court Judges presented with the issue have considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse'" (Matter of Christina F., 74 NY2d 532, 536, quoting Matter of Nicole V., 71 NY2d 112, 119). Here, the Family Court's finding that the father sexually abused Jahmere W. is supported by a preponderance of the evidence. We conclude that the court providently exercised its discretion in determining that Jahmere W.'s out-of-court statements were sufficiently corroborated by the evidence of Sincere W.'s out-of-court statements and that the record as a whole supported a finding of sexual abuse (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d at 117-118).
The Family Court also properly found that the father derivatively abused Sincere W. "Where a [parent's] conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative abuse with respect to the other children is warranted" (Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955). Here, the evidence that the father sexually abused Jahmere W. demonstrated, by a preponderance of the evidence, a fundamental defect in the father's understanding of the duties of parenthood (see Matter of Kaley G. [William G.], 214 AD3d 869, 871).
Accordingly, the Family Court properly found that the father sexually abused Jahmere W. and derivatively abused Sincere W.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court