Matter of Moshae L. (Angela J.) (2025 NY Slip Op 02069)

Matter of Moshae L. (Angela J.)

2025 NY Slip Op 02069

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-09061
 (Docket Nos. N-776-22/22A, N-779-22/22A)

[*1]In the Matter of Moshae L. (Anonymous). Westchester County Department of Social Services, respondent; Angela J. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Sephira L. (Anonymous). Westchester County Department of Social Services, respondent; Angela J. (Anonymous), appellant. (Proceeding No. 2)

David M. Rossoff, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jennifer S. Bumgarner of counsel), for respondent.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Arlene A. Gordon-Oliver, J.), dated August 8, 2023. The order of fact-finding and disposition, upon a decision of the same court dated April 5, 2023, made after a fact-finding hearing, and after a dispositional hearing, inter alia, found that the mother neglected the child Moshae L. and neglected and, in effect, derivatively neglected the child Sephira L., and directed that the children remain in the custody of the Commissioner of Social Services of Westchester County.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The subject children, Sephira L. and Moshae L., were born in 2015 and 2017, respectively. The petitioner, Westchester County Department of Social Services (hereinafter DSS), commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected Moshae L. and Sephira L. Evidence was presented at a fact-finding hearing that the mother struck Moshae L. across his face, in the presence of Sephira L., because he was being loud, wanted to play, and did not want to go to sleep. Further evidence was presented that the mother, who suffers from mental health issues including depression, post-traumatic stress disorder, and anxiety, failed to comply with prescribed medication management and treatment plans. Evidence was also presented that Moshae L.'s doctor advised the mother that the child may have attention deficit disorder and the mother expressed concerns that he may also have autism, but the mother failed to have him evaluated by a medical professional. After fact-finding and dispositional hearings, the Family Court, inter alia, found that the mother neglected Moshae L. and neglected and, in effect, derivatively neglected the child Sephira L., and directed that the children remain in the [*2]custody of the Commissioner of Social Services of Westchester County. The mother appeals.
"'In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected'" (Matter of Shayla G. [Lakisha C.], 233 AD3d 682, 684, quoting Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765; see Family Ct Act § 1046[b][i]). "'To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Veronica M. [Ana M.], 229 AD3d 626, 627, quoting Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784; see Matter of Shayla G. [Lakisha C.], 233 AD3d at 684). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941, quoting Matter of Amberlyn H.P. [Jose H.C.], 187 AD3d 920, 920; see Matter of Shayla G. [Lakisha C.], 233 AD3d at 684; Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868). "Where . . . 'the hearing court is presented with sharply conflicting accounts regarding the subject events, and chooses to credit the testimony of certain witnesses over that of others, its determination will not be disturbed unless clearly unsupported by the record'" (Matter of Skyli V. [Jamol V.—Shaneka E.], 224 AD3d 913, 915, quoting Matter of Shalom A. [Codjo A.], 215 AD3d 825, 827).
"'Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect'" (Matter of Raveena B. [Khrisend R.], 209 AD3d 640, 641, quoting Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955; see Matter of Paul M. [Tina H.], 146 AD3d 961, 962). "Even a single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (Matter of Joshua T. [Kenisha T.], 196 AD3d 491, 492).
Here, DSS established, by a preponderance of the evidence, that the mother neglected Moshae L. by inflicting excessive corporal punishment upon him. The mother's use of corporal punishment rose to the level of neglect since she struck Moshae L., in Sephira L.'s presence, with such force that a red mark remained visible on Moshae L.'s face for more than 15 hours from his arrival at day care (see Matter of Veronica M. [Ana M.], 229 AD3d at 627; Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 911). The mother also failed to take accountability, denied striking Moshae L., and exhibited a pattern of using excessive corporal punishment. Deferring to the Family Court's credibility findings, we conclude that the court properly determined that the mother's use of corporal punishment was excessive.
Moreover, "'[a] neglect finding is proper upon proof of the causal connection between a parent's mental illness and requisite potential harm to the child'" (Matter of Bethany R. [Bethmarie R.], 202 AD3d 690, 692, quoting Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1280; see Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246). "'Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child'" (Matter of Precise M. [Tawana M.], 215 AD3d 680, 681, quoting Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691). "Proof of a parent's 'ongoing mental illness and the failure to follow through with aftercare medication is a sufficient basis for a finding of neglect where such failure results in a parent's inability to care for [his or] her child in the foreseeable future'" (id., quoting Matter of Bella S. [Sarah S.], 158 AD3d 703, 704; see Matter of Bibi H. v Administration of Children's Servs.-Queens, 210 AD3d 771, 773). In addition, "[a] neglected child includes a child whose parent has failed to provide 'the child with adequate . . . medical . . . care'" (Matter of Mia G. [William B.], 146 AD3d 882, 883, quoting Family Ct Act § 1012 [f][i][A]). "'To find medical neglect, there must be a determination that the parent did not seek or accept medical care, and that such failure placed the child in imminent danger of becoming impaired'" (id., quoting Matter of Shawndel M., 33 AD3d 1006, 1006). "A parent's unwillingness to follow a recommended course of psychiatric treatment which results in the impairment of a child's emotional health may support a finding of neglect" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d 795, 796).
Here, DSS established by a preponderance of the evidence that the mother neglected the children since she lacked insight into her ongoing mental health issues. The mother's failure to comply with prescribed medication management and treatment plans placed the children at imminent risk of harm (see Matter of Precise M. [Tawana M.], 215 AD3d at 681; Matter of Bibi H. v Administration of Children's Servs.-Queens, 210 AD3d at 773). In addition, DSS established, by a preponderance of the evidence, that the mother failed to provide an acceptable course of treatment in light of the advice she received to have Moshae L. evaluated for autism, placing him in imminent danger of physical, mental, or emotional harm (see Matter of Jaelin L. [Kimrenee C.], 126 AD3d at 797).
The mother's remaining contentions are either without merit or academic in light of our determination.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court