Matter of Zaria P. (Sade G.) (2025 NY Slip Op 04181)

Matter of Zaria P. (Sade G.)

2025 NY Slip Op 04181

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-05157 
2024-05162
 (Docket No. N-8642-22)

[*1]In the Matter of Zaria P. (Anonymous). Administration for Children's Services, respondent; Sade G. (Anonymous), appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Elina Druker and Eva L. Jerome of counsel), for respondent.
Arthur Rubin, Kew Gardens, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated January 4, 2024, and (2) an order of disposition of the same court dated February 28, 2024. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, upon the consent of the mother, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directed the mother to remain under the supervision of a child protective agency upon certain conditions.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs and disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as, upon the consent of the mother, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directed the mother to remain under the supervision of a child protective agency upon certain conditions is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject child by failing to provide the child with proper supervision or guardianship "by unreasonably inflicting or allowing to be inflected harm, or a substantial risk thereof," in that the mother, among other things, inflicted excessive corporal punishment on the child and suffered from [*2]a mental illness which impaired her ability to care for the child (id. § 1012[f][i][B]). In an order of fact-finding dated January 4, 2024, the Family Court, after a fact-finding hearing, found that the mother neglected the child. Thereafter, in an order of disposition dated February 28, 2024, the court, inter alia, upon the consent of the mother, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directed the mother to remain under the supervision of a child protective agency under certain conditions. The mother appeals.
Initially, the appeal from so much of the order of disposition as, upon the consent of the mother, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and directed the mother to remain under the supervision of a child protective agency upon certain conditions must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Kerry D. v Deena D., 230 AD3d 492, 493; Matter of Tony C. [Kristine S.-Jadiel L.], 226 AD3d 1008, 1009).
"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Shayla G. [Lakisha C.], 233 AD3d 682, 684 [internal quotation marks omitted]; see Family Ct Act § 1046[b][i]; Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765). "'To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Shayla G. [Lakisha C.], 233 AD3d at 684 [internal quotation marks omitted], quoting Matter of Veronica M. [Ana M.], 229 AD3d 626, 627; see Family Ct Act § 1012[f][i][B]; Matter of Andrew M. [Brenda M.], 225 AD3d at 765).
"[A]lthough parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Malik M. [Taishona M.], 236 AD3d 1034, 1036 [internal quotation marks omitted]; see Family Ct Act § 1012[f][i][B]; Matter of Veronica M. [Ana M.], 229 AD3d at 627). "Even a single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (Matter of Moshae L. [Angela J.], 237 AD3d 821, 823 [internal quotation marks omitted]; see Matter of Elina M. [Leonard M.], 236 AD3d 25, 31). "The observation of bruises or injuries on a child can corroborate a child's out-of-court statements" (Matter of Joshua B., 28 AD3d 759, 761; see Family Ct Act § 1046[a][ii], [vi]).
Further, "'[a] neglect finding is proper upon proof of the causal connection between a parent's mental illness and requisite potential harm to the child'" (Matter of Moshae L. [Angela J.], 237 AD3d at 824 [internal quotation marks omitted], quoting Matter of Bethany R. [Bethmarie R.], 202 AD3d 690, 692; see Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246). "'Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child'" (Matter of Moshae L. [Angela J.], 237 AD3d at 824 [internal quotation marks omitted], quoting Matter of Precise M. [Tawana M.], 215 AD3d 680, 681; see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056). "'Proof of a parent's ongoing mental illness and the failure to follow through with aftercare medication is a sufficient basis for a finding of neglect where such failure results in a parent's inability to care for [his or] her child in the foreseeable future'" (Matter of Moshae L. [Angela J.], 237 AD3d at 824 [internal quotation marks omitted], quoting Matter of Precise M. [Tawana M.], 215 AD3d at 681; see Matter of Bibi H. v Administration for Children's Servs.-Queens, 210 AD3d 771, 773).
"In a child protective proceeding, a child's prior out-of-court statements relating to the alleged neglect may serve as the basis for a finding of neglect provided that these hearsay statements are corroborated, so as to ensure their reliability" (Matter of Malik M. [Taishona M.], 236 AD3d at 1036 [internal quotation marks omitted]; see Matter of Veronica M. [Ana M.], 229 AD3d at 628). "The rule requiring corroboration is flexible, and any other evidence tending to support the [*3]reliability of the child's statements may be sufficient corroboration" (Matter of Malik M. [Taishona M.], 236 AD3d 1036 [internal quotation marks omitted]; see Matter of Veronica M. [Ana M.], 229 AD3d at 628). "The Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated" (Matter of Malik M. [Taishona M.], 236 AD3d at 1037 [internal quotation marks omitted]; see Matter of Zamir F. [Ricardo B.], 193 AD3d 932, 933). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Shayla G. [Lakisha C.], 233 AD3d at 684 [internal quotation marks omitted], quoting Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941; see Matter of Moshae L. [Angela J.], 237 AD3d at 823).
Here, the Family Court properly found that the mother neglected the child by inflicting excessive corporal punishment upon her. On that issue, the child's out-of-court statements were adequately corroborated by the testimony of the child's school counselor that she personally observed the child's injury (see Matter of Veronica M. [Ana M.], 229 AD3d at 628; Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 909). The child's statements, together with the testimony of the school counselor, established by a preponderance of the evidence that the mother neglected the child by inflicting excessive corporal punishment on her (see Matter of Nathaniel I. G. [Marilyn A.P.], 227 AD3d 806, 807; Matter of Raveena B. [Khrisend R.], 209 AD3d 640, 641-642).
The Family Court also properly found that ACS established by a preponderance of the evidence that the mother neglected the child based on the mother's untreated mental illness. The evidence presented by ACS at the hearing demonstrated a causal connection between the mother's mental illness and harm to the child (see Matter of Tyler W. [Janice B.], 149 AD3d 968, 969) and that the mother's lack of insight into her ongoing mental illness and her failure to comply with prescribed medication management and treatment placed the child at imminent risk of harm (see Matter of Moshae L. [Angela J.], 237 AD3d at 824-825; Matter of Precise M. [Tawana M.], 215 AD3d at 681).
The mother's remaining contention is not properly before this Court.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court